**OLSHAN FROME WOLOSKY**
1325 Avenue of the Americas
New York, New York 10019
Michael S. Fox, Esq.
Thomas J. Fleming, Esq.
Jonathan T. Koevary, Esq.
212.451.2300

*Special Counsel to the Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| DIAMOND FINANCE CO., INC. | Case No. 20-71877 (REG) |
| Debtor. | |

### CHAPTER 7 TRUSTEE'S EX PARTE MOTION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING AND DIRECTING (A) THE PRODUCTION OF DOCUMENTS; AND (B) THE ORAL EXAMINATION OF CHRISTINE HOEY

Marc Pergament, as Chapter 7 trustee (the "Trustee") to the above captioned debtor (the "Debtor"), by and through its undersigned counsel, moves this Court for entry of an order the ("Order") attached as **Exhibit A** hereto pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing (a) the production of documents as more fully identified on **Exhibit B** hereto; and (b) the oral examination of Christine Hoey. In support of its motion (the "Motion"), the Trustee respectfully represents as follows:

### PRELIMINARY STATEMENT

1. The Trustee believes the Debtor and its principal operated a Ponzi scheme. Christine Hoey was employed by the Debtor for more than ten years ago as the day-to-day manager of its business operations. She resigned in February 2018. Therefore, in order to help

1

take proper steps to ensure maximum value for the Debtor's estate, the Trustee seeks discovery of Christine Hoey pursuant to Bankruptcy Rule 2004.

## FACTS

2.      From the end of March 2020 through and including until May 20, 2020, Olshan Frome Wolosky ("Olshan") acted as counsel for the Petitioning Creditors as an unofficial Ad Hoc Creditors Committee ("Ad Hoc Committee"). In this regard, Olshan with the help of Richard Berman, a CPA, was able to conduct some due diligence into the financial affairs of the Debtor. In this capacity, Olshan investigated the relationship between and among the Debtor, Rob Diamond, Auto City, Diamond Cars R Us Inc., Diamond Floor Plan, Inc. and certain other third parties. Based upon Olshan's review, it appears that Mr. Diamond operated the Debtor as a "Ponzi scheme" under which millions of dollars were diverted to companies under Mr. Diamond's control or for his personal expenses.

3.      The Ad Hoc Committee requested that the Olshan firm participate and lead the negotiations with Mr. Diamond. After executing a confidentiality agreement, Olshan undertook due diligence. However, Mr. Diamond was not forthcoming with information regarding the whereabouts of secreted assets and would not disclose the identity of entities that owed the Debtor over $5 million. Mr. Diamond offered no explanation.

4.      On April 14, 2020, the Petitioning Creditors filed an involuntary petition against the Debtor and against Mr. Diamond individually in this Court (Case No. 20-71878). This Court entered its Order for Relief in both cases on May 20, 2020. On that same date, Mr. Pergament was appointed as Trustee in this case and Allan Mendelsohn was appointed as Trustee in Mr. Diamond's individual chapter 7 case.

5.Through this Motion, the Trustee seeks entry of the Order under Rules 2004 and 2016 of Federal Rules of Bankruptcy Procedure, authorizing the Trustee to issue a subpoena for the production of documents from Christine Hoey and her subsequent oral examination.

## PREDICATES FOR RELIEF

6.This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is properly before this Court under 28 U.S.C. §§ 1408 and 1409. The legal predicate for the relief sought herein is Bankruptcy Rules 2004 and 2016.

## RELIEF REQUESTED

7.By this Motion, the Trustee requests the entry of an order directing Christine Hoey to (a) produce certain documents; and (b) be available for oral examination. The Trustee seeks to examine Christine Hoey, the company's former office manager, because of her decade-long tenure at Diamond Finance Company where she worked alongside Francine Haviken and Robert Diamond. Therefore, Christine Hoey can provide critical information relating to the Debtor's business, its operation, the estate and its assets.

8.Bankruptcy Rule 2004 provides, in relevant part:

> (a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . .
>
> (c) Compelling Attendance and Production of Documentary Evidence. The attendance of any entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial . . . .

9. It is well established that the scope of an examination under Bankruptcy Rule 2004 is broad. *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983). Indeed, the examination can "legitimately be in the nature of a 'fishing expedition.'" *In re M4 Enterprises, Inc., 190 B.R. 471, 474* (Bankr. N.D. Ga. 1995); see also *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) ("Rule 2004 permits a party invoking it to undertake a broad inquiry of the examiner, in the nature of a fishing expedition."); *In re Frigitemp Corp.*, 15 B.R. 263, 264 n. 3 (Bankr. S.D.N.Y. 1981) (noting that predecessor to Rule 2004 examinations have been likened to "fishing expeditions").

10. Examinations under Bankruptcy Rule 2004(a) and (c) may include within their scope, among other things: any matter which may relate to the property and assets of the estate; the financial condition of the debtor; any matter which may affect the administration of a debtor's estate; and, in a chapter 11 case, any matter relevant to the case or to the formulation of a plan. The information sought by the Trustee in connection with this Motion is consistent with Rule 2004. Olshan's investigation strongly suggests that Christine Hoey, by virtue of her tenure at the company and her role in managing its day-to-day affairs, may have information that would assist the Trustee in the recovery of assets for the benefit of the estate.

11. The Trustee is a "party in interest" entitled to take examinations and to request documents under Rule 2004.

12. Here, the Trustee is seeking an examination of Christine Hoey, and the production of documents directly related to assets of the Debtor's estate, including, but not limited to, the financial condition of the Debtor. Such an inquiry is clearly within the purview of a Rule 2004 examination.

13. Pursuant to Bankruptcy Rule 9016, the Trustee seeks authority to compel production of requested documents so as to be received by the Trustee's counsel not later than fourteen (14) days from the date of service of a subpoena served pursuant to the Order and a witness examination of Christine Hoey to be conducted on no less than fifteen (15) days' notice at a location to be determined by the Trustee that is within 100 miles of the location of the Trustee or person to be examined.

14. The Trustee requests that this Court retain jurisdiction to resolve any objections to the proposed Order, to the requested examinations, and production of documents.

15. Christine Hoey will not be prejudiced by the relief requested in the Motion, since she retains the right to seek to quash any subpoenas issued as a result of the *ex parte* order. For the foregoing reasons, Trustee believes that cause exists for granting the *ex parte* order in the form annexed hereto as Exhibit A. All rights of Christine Hoey to seek to quash a subpoena are fully preserved.

16. No previous application for similar relief has been sought.

## NOTICE

17. Bankruptcy Rule 2004(a) permits a party to request a Rule 2004 order only upon a motion. The Trustee submits that notice is not required and it is customary to seek Rule 2004 orders *ex parte*.

## REQUEST FOR RELIEF

WHEREFORE, the Trustee respectfully requests entry of an order: (a) granting the relief requested in this Motion; (b) entering the Order attached as Exhibit A hereto authorizing the Trustee to issue subpoenas directing Christine Hoey to submit to oral examination and to produce documents pursuant to Bankruptcy Rules 2004 and 9016 and granting the Trustee such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 29, 2020

                    **OLSHAN FROME WOLOSKY LLP**

                    By:  /s/ *Michael S. Fox*
                         Michael S. Fox, Esq.
                         Thomas J. Fleming, Esq.
                         Jonathan T. Koevary, Esq.
                         1325 Avenue of the Americas
                         New York, New York 10019
                         (212) 451-2300

                         *Special Counsel to the Chapter 7 Trustee*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:                                        Chapter 7

DIAMOND FINANCE CO., INC.                     Case No. 20-71877 (REG)

                        Debtor.

**ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO ISSUE SUBPOENAS**
**FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING**
<u>**THE CHAPTER 7 TRUSTEE TO EXAMINE CHRISTINE HOEY**</u>

Upon the *ex parte* motion, dated September 29, 2020 (the "<u>Motion</u>"), of the Chapter 7 Trustee (the "Movant") pursuant to Bankruptcy Rule 2004, for an order authorizing the Movant to issue subpoenas for the production of documents and to examine Christine Hoey (the "Witness") as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is

**ORDERED**, that the Motion is granted on the terms set forth herein; and it is further

**ORDERED**, that the Movant is authorized under Bankruptcy Rules 2004 and 9016, to issue such subpoenas as may be necessary to compel the production of documents and the

1

testimony of the Witness in connection with the administration of this Chapter 7 case; and it is further

**ORDERED**, that unless otherwise agreed to by the Movant, the Witness shall have fourteen (14) days from the service of a subpoena to either (1) produce to the Movant all responsive documents requested in the Movant's subpoena, other than those documents withheld under a claim of privilege or (2) file with this Court an objection or response to the subpoena with a hearing promptly scheduled; and it is further

**ORDERED**, that unless otherwise agreed to by the Movant, if the Witness withholds any documents from the production based upon a claim of privilege, the Witness is directed to provide counsel for the Movant with a privilege log, containing the information required under Bankruptcy Rule 7026 and E.D.N.Y. L.B.R. 7026-1, within fourteen (14) days of the service of a subpoena on the Witness; and it is further

**ORDERED**, that the Witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Movant, in no event more than fifteen (15) days from the date of the service of a deposition subpoena upon the Witness; and it is further

**ORDERED**, that nothing herein shall limit the rights of the Witness under applicable law to object to or oppose any subpoena the Movant may serve upon the Witness; and it is further

**ORDERED**, that in accordance with Bankruptcy Rules 2004 and 9016, (i) the Clerk of this Court shall issue subpoenas, signed, but otherwise in-blank, as requested by the Movant, or (ii) provided that counsel for the Movant is authorized to practice in this Court, counsel may issue and sign the subpoenas; and it is further

**ORDERED**, that the Movant shall file with the Court an affidavit or declaration of service for each subpoena Movant serves; and it is further

**ORDERED**, that this Order is without prejudice to the Movant's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law; and it is further

**ORDERED**, that this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.

                                                  UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**Document Requests**

**CHAPTER 7 TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTICE that, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure, trustee Marc Pergament (the "Trustee") hereby requests that Christine Hoey produce and permit inspection, copying, testing, or sampling of the following items within fourteen days, or as otherwise directed by the Court, at the offices of Olshan Frome Wolosky LLP, Attn: Michael S. Fox, Esq. and Jonathan T. Koevary, Esq., 1325 Avenue of the Americas, New York, New York 10019, mfox@olshanlaw.com and jkoevary@olshanlaw.com.

**Definitions and Rules of Construction**

1. The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 of the Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference, including without limitation the definitions and rules of construction set forth therein with respect to "Communication," "Document," "Identify," "Person," "Concerning," "All/Each," "And/Or," "Number," and "You/Your," except that "You/Your" means as defined below.

2. "Debtor" means Diamond Finance Co., Inc. including any of its predecessors, along with each of their representatives, agents, attorneys, and persons and entities acting under its control or purporting to act on its behalf.

3. "You" and "Your" mean Christine Hoey.

4. "Diamond" means Rob Diamond.

5. "Diamond-Related Entity" means any entity or business in which Diamond now has, or previously had, a financial interest or operational control, including without limitation, Automotive Group Inc.; 613 Automotive Group Inc.; Auto City International, Inc.; Auto City International II Inc.; Cypress Motors of Ridgewood; Ausable Motors; Diamond Finance of

2

Florida; Diamond Finance of New Jersey; Diamond Floor Plan Inc., and any other similarly named business.

## General Instructions

1.　　These requests are intended to cover all documents in your possession or otherwise subject to your custody or control, regardless of the location of such documents, including those in the possession, custody, or control of your employees, agents, representatives, attorneys, advisors, or consultants.

2.　　If, in responding to these requests, you perceive any ambiguity in a particular request, definition, or instruction, your response should set forth the matter deemed ambiguous and the construction interpreted and used by you in responding.

3.　　If any document or portion thereof responsive to any request is withheld from production for any reason, including on the purported grounds of attorney-client privilege, work-product doctrine, or any other applicable privilege precluding compelled discovery, Local Civil Rule 26.2 requires you to identify the nature of the privilege which is being claimed and, if the privilege is governed by state law, to indicate the state's privilege rule being invoked. Additionally, you are required to provide a privilege log in accordance with Local Civil Rule 26.2 which requires that you set forth the following with respect to any purportedly privileged document: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressee of the document, and any other recipients and, where not apparent, the relationship of the author, addressees, and recipients to each other.

4.　　If any document or any portion thereof responsive to any request has been discarded, destroyed, altered, lost or redacted (collectively "altered/missing") in whole or in part, state: (i) the date the document was altered/missing; (ii) the circumstances under which the

document became altered/missing; (iii) the identity of the person who rendered the document altered/missing; and (iv) where the document was stored prior to becoming altered/missing.

5. If you are unable to comply with any request in full, you shall comply with the request to the fullest extent possible and explain why full compliance is not possible. You must produce in total all documents and things requested herein, notwithstanding the fact that portions of such documents and things may contain information not requested, and you must include interim as well as final versions or editions of each document, as well as any editions or copies of the documents that are not identical to the original (whether due to handwritten notations, revisions, or otherwise).

6. In producing documents, all documents that are physically attached to each other shall be produced in that form. Documents are to be produced in their entirety and without redaction. Documents that are segregated or separated from other documents, whether by inclusion in binders, files or sub-files, or by the use of dividers, tabs, or any other method, shall be produced in that form. In accordance with Rule 34(b)(2)(E)(i) of the Federal Rules of Civil Procedure, documents shall be produced in the order in which they are maintained in the usual course of business, or shall be organized and labeled to correspond to particular requests.

7. All documents originating in an electronic form are to be produced in their native format or otherwise in a format compatible with standard litigation document-management database software (e.g., Concordance, Relativity, etc.), with intact metadata fields, OCR images, and appropriate corresponding load files, all to be mutually agreed to by the parties. All documents should be preserved in their native format, and the Trustee reserves his right to request that electronic documents be produced in their native format. Documents which exist in

hard copy form only may be converted to electronic form and produced in the same manner as electronic documents as set forth above.

8.    In these requests, references to any individual or entity include the individual or entity as well as any person or entity under the individual's or entity's control, including, but not limited to, all present and former subsidiaries, affiliates, predecessors, successors, officers, directors, agents, employees, shareholders, partnerships, general and limited partners thereof, and any aliases, code names, or trade or business names used by any of the foregoing.

9.    Unless otherwise stated, the time frame for these requests is as follows: January 1, 2014 to the present.

## DOCUMENT REQUESTS

1.    All documents and communications with the Debtor or concerning the Debtor or Diamond-Related Entities.

2.    All documents and communications relating to Christine Hoey's employment with Debtor, and Diamond-Related Entities, including separation of employment.

3.    All documents, including books and records, regarding or bearing the name of the Debtor, or Diamond-Related Entities.

4.    All documents exchanged between Christine Hoey and Robert Diamond in the past four years.

Dated: New York, New York

                                        **OLSHAN FROME WOLOSKY LLP**

By: /s/
Michael S. Fox, Esq.
Thomas J. Fleming, Esq.
Jonathan T. Koevary, Esq.
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300

*Special Counsel to the Chapter 7 Trustee*

6

5540230-3