| | |
|---|---|
| **OLSHAN FROME WOLOSKY LLP** | **Hearing Date: November 9, 2020 at 9:30 a.m.** |
| 1325 Avenue of Americas | **Objection Date: November 2, 2020 at 4:00p.m** |
| New York, New York 10019 | |
| Michael S. Fox, Esq. | |
| Thomas J. Fleming, Esq. | |
| Jonathan T. Koevary, Esq. | |
| 212.451.2300 | |

*Special Counsel to the Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| DIAMOND FINANCE CO., INC. | Case No. 8-20-71877 (REG) |
| Debtor. | <u>Notice of Motion</u> |

**PLEASE TAKE NOTICE**, that on November 9, 2020, at 9:30 am, the undersigned will move before the Honorable Robert E. Grossman, United States Bankruptcy Judge, United States Bankruptcy Court, Alfonse M. D'Amato Courthouse, 290 Federal Plaza, Room 860, Central Islip, New York 11722, or as soon therefore as counsel can be heard for an Order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 9016 and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (1) holding Marcos J. Benzaquen in contempt thereof; (2) imposing sanctions; (3) compelling Marcos Benzaquen to comply with the Trustee's subpoena, issued pursuant to the Court's June 12, 2020 Order ("2004 Order"), directing the production of documents and oral examination of Marcos Benzaquen; and (4) such other further relief as this Court deems just and proper.

1

| | |
|---|---|
| **OLSHAN FROME WOLOSKY LLP** | **Hearing Date: November 9, 2020 at 9:30 a.m.** |
| 1325 Avenue of Americas | **Objection Date: November 2, 2020 at 4:00p.m** |
| New York, New York 10019 | |
| Michael S. Fox, Esq. | |
| Thomas J. Fleming, Esq. | |
| Jonathan T. Koevary, Esq. | |
| 212.451.2300 | |

*Special Counsel to the Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| DIAMOND FINANCE CO., INC. | Case No. 8-20-71877 (REG) |
| Debtor. | |

### MOTION OF THE CHAPTER 7 TRUSTEE SEEKING AN ORDER OF CONTEMPT AND SANCTIONS AGAINST MARCOS BENZAQUEN

Marc A. Pergament, as Chapter 7 trustee (the "Trustee") of the Diamond Finance Co., Inc., (the "Debtor"), by and through his undersigned counsel, hereby moves this Court (the "Motion") for an Order substantially in the form of Exhibit A hereto, under section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 9016 and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order holding Marcos J. Benzaquen in contempt thereof, imposing sanctions, and compelling Mr. Benzaquen to comply with the Trustee's subpoena, issued pursuant to the Court's June 12, 2020 Order ("2004 Order"), directing the production of documents and oral examination of Marcos Benzaquen. In support hereof the Trustee submits as follows:

**PRELIMINARY STATEMENT**

1.      Marcos Benzaquen is a central figure in an apparent Ponzi Scheme that led to the Debtor's involuntary bankruptcy petition. Notwithstanding a September 14, 2020 deadline and oral examination date, Mr. Benzaquen has not timely responded to the subpoena delivered on him in accordance with this Court's Order and Bankruptcy Rule 9016 or to subsequent attempts to meet and confer. In fact, and as set forth below, Mr. Benzaquen has actively evaded and avoided all communication attempts.

2.      By this Motion, the Trustee seeks an order holding Mr. Benzaquen in contempt along with sanctions pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rules 9016 and 9020.

**PREDICATES FOR RELIEF**

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is properly before this Court under 28 U.S.C. §§ 1408 and 1409. The legal predicate for the relief sought herein is Bankruptcy Code section 105(a) and Bankruptcy Rules 9016 and 9020.

**STATEMENT OF FACTS**

4.      The Trustee's investigation into the Debtor's principal's Ponzi Scheme identified Benzaquen as a major actor and potential co-conspirator. Therefore, early in this case, the Trustee sought Mr. Benzaquen's examination under Rule 2004.

5.      On June 12, 2020, this Court entered a Rule 2004 Order authorizing the Trustee to issue a subpoena for the production of documents and to examine Benzaquen (Dkt. No. 52) (a "Benzaquen Subpoena"). Shortly thereafter, Olshan issued a Benzaquen Subpoena and for the next two months, attempted to serve Mr. Benzaquen.

6. On August 18, 2020, after Benzaquen engaged in a pattern of evading numerous delivery attempts discussed below, the Trustee filed his *Ex Parte Motion for Order Authorizing Delivery by Mail of Rule 2004 Subpoena Upon Marcos J. Benzaquen* (the "Service Motion") (Dkt. No. 99). The Service Motion attached declarations of a series of evaded service attempts and sought entry of an order approving service by mail to Mr. Benzaquen's attention at the business that he operates: the Diamond Cars R Us dealership in Franklin Square, New York.

7. On August 24, 2020, the Court granted the Service Motion and entered an Order authorizing the Trustee to serve a Benzaquen Subpoena by mail in the manner requested (the "Service Order").

8. On August 26, 2020, the Trustee caused to be served a Benzaquen Subpoena in accordance with the Service Order (the "Mail Subpoena"). *See Amended Affidavit of Service dated October 15, 2020* (Dkt. No. 125). Attached as Exhibit B is a copy of the Mail Subpoena. The Mail Subpoena set September 14, 2020 as both the deadline to produce documents and the date for oral examination.

9. Mr. Benzaquen never responded to the Mail Subpoena. On September 22, 2020, the Trustee sent a letter (the "September 22 Letter") by FedEx to Mr. Benzaquen at the Diamond Cars R Us address advising that unless a response by himself or counsel is received by September 30, 2020, the Trustee will file a contempt motion against Mr. Benzaquen. *See* Exhibit C – September 22, 2020 Letter.

10. According to FedEx's records, FedEx delivered the September 22 Letter at 11:17 am on September 23. *See* Exhibit D. Having seen who the package was from, Mr. Benzaquen ordered the package returned and at 6:00 pm on that same day, FedEx retrieved the September 22 Letter to return to sender. *See id.* To date, Benzaquen has not responded.

11. Recognizing the severity of a contempt motion, Olshan once again attempted to reach out to meet and confer. The Diamond Cars R Us website, https://www.diamondcarsrus.com, provides a telephone number and invites the public to text that number for inquiries. It also provides an email address on its "About Us" page.

12. On October 5, 2020, Olshan attempted to reach out through those inquiries. Specifically, an Olshan partner engaged in two series of attempted communications with Mr. Benzaquen. First, Jonathan Koevary emailed the September 22 Letter to the email address on the Diamond Cars R Us website with the following cover: "This is a letter for Mr. Benzaquen. Please have him contact me if he would like to discuss." Second, Koevary texted the public inquiry number on the website asking to be contacted with Benzaquen. As can be seen, the inquiry demonstrates Diamond Cars R Us is in fact, Benzaquen's place of business.

> JK: Please review email I just sent or have Marcos Benzaquen get back to me. Thank you.
>
> Diamond Agent: Sure. May I have your name please?
>
> JK: Jonathan Koevary
>
> Diamond Agent: Thank you Jonathan. May I know what this is regarding?
>
> JK: This is DiamondCars R Us on 707 Hempstead in Franklin Square, yes?
>
> Diamond Agent: Yes, I assist our web marketing team to provide 24/7 online support.
>
> JK: OK. Glad I got the right spot. Marcos should know then or he can check the email I sent. When is he in?
>
> Diamond Agent: He is not available right now. We will get back to you as soon as he is available.
>
> JK: OK great, thank you.
>
> Diamond Agent: Is there anything else I can help you with?
>
> JK. No thank you. I'll text back if I think of anything.

> Diamond Agent: Have a great day!

*See* Exhibit E – Text Exchange between Jonathan Koevary and Diamond Cars R Us.

13. Benzquen has never responded. The evasiveness is clear and it follows the same pattern of service attempts made that lead to the filing of the Service Motion:

> On **June 22, 2020,** at approximately **2:25 PM,** I attempted to serve a SUBPOENA FOR RULE 2004 EXAMINATION with a $60.00 Witness Fee Check, in the above captioned action, upon **Marcos Benzaquen** @ 707 Hempstead Turnpike – Franklin Square, New York 11010. The aforementioned address is a car dealership called Diamond Cars R Us. I spoke with Marcos Benzaquen's associates at said dealership. Said associates told me that Marcos Benzaquen was not present, and that they never know when Marcos Benzaquen is going to be present at said dealership. *Said associates informed me that sometimes Marcos Benzaquen comes to said dealership in the morning, sometimes late in the afternoon, and sometimes Marcos Benzaquen just doesn't come to said dealership at all. I asked said associates if they would accept the aforementioned document and witness fee check on behalf of Marcos Benzaquen, but they all refused to accept service on behalf of Marcos Benzaquen . . .*

> On **July 14, 2020,** at approximately **11:46 AM,** I attempted to serve a SUBPOENA FOR RULE 2004 EXAMINATION with a $60.00 Witness Fee Check, in the above captioned action, upon **Marcos Benzaquen** @ 707 Hempstead Turnpike – Franklin Square, New York 11010. The given address is a car dealership. I spoke with Marcos Benzaquen's associates at said dealership. *Said associates told me that Marcos Benzaquen was not present, and that they never know when Marcos Benzaquen is going to be present at said dealership. Said associates informed me that sometimes Marcos Benzaquen comes to said dealership in the morning, sometimes late in the afternoon, and sometimes Marcos Benzaquen just doesn't come to said dealership at all . . .*

> On **July 22, 2020,** at approximately **12:00 PM,** I attempted to serve a SUBPOENA FOR RULE 2004 EXAMINATION with a $60.00 Witness Fee Check, in the above captioned action, upon **Marcos Benzaquen** @ 707 Hempstead Turnpike – Franklin Square, New York 11010. Marcos Benzaquen was not present at the given address (car dealership). A single clerk was present at said dealership. Said clerk told me that they (the dealership associates) never know when Marcos Benzaquen is going to come into said dealership. Said clerk continued by telling me that Marcos Benzaquen does not come in to said dealership often, unless it is for something very important. I asked said clerk to call Marcos Benzaquen on the phone, and find-out when he (Marcos Benzaquen) would be coming into said dealership next. Said clerk accommodated me by calling Marcos Benzaquen a few times while I waited. Marcos Benzaquen never answered said clerk's phone calls. *I suggested to said clerk that he (said clerk) accept the aforementioned document and witness fee check*

> *on behalf of Marcos Benzaquen, but said clerk absolutely refused to accept service, as he (said clerk) did not want to have any responsibility for the aforementioned document and check. I told said clerk that I was going to leave the aforementioned document and check with him (said clerk), but he adamantly refused service, and belligerently slammed the front door of said dealership on me.*

*Service Motion,* 2-3.

14. To date, Mr. Benzaquen has still not responded. This motion followed.

## LEGAL STANDARDS

15. It is well-settled that a bankruptcy court may hold a person or entity in civil contempt for failing to comply with a court order, including subpoenas issued pursuant to Bankruptcy Rule 2004. *See Mar. Asbestosis Legal Clinic v. LTV Steel Co. (In re Chateaugay Corp.)*, 920 F.2d 183, 187 (2d Cir.1990); *Cohen v. Doyaga*, No. 00–CV–2090 (FB), 2001 WL 257828, at *3 (E.D.N.Y. Mar. 09, 2001). A contempt proceeding is a contested matter brought by motion. Fed R. Bankr. P. 9020.

16. Federal Rule of Civil Procedure Rule 45 (applicable to this case through Bankruptcy Rule 9016) governs a non-party's failure to comply with a discovery subpoena. Rule 45(g), provides that "[t]he court for the district where compliance is required may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Rule 45 also reaches conduct by a non-party designed to evade service of process. *See Pereira v. Felzenberg*, No. 96 CIV. 7957 (RWS), 1997 WL 698186, at *6 (S.D.N.Y. Nov. 7, 1997) (finding that non-parties "have consistently evaded service of process, failed to appear for noticed depositions, and disobeyed a court order.").

17. To establish contempt, the order must be (1) clear and unambiguous; (2) there is clear and convincing proof of non-compliance; (3) the recipient did not attempt to comply with reasonable diligence; and (4) that the recipient is given the notice and opportunity to be

heard. *See In re Parikh*, 397 B.R. 518, 526–27 (Bankr. E.D.N.Y. 2008) (*citing In re Corso*, 328 B.R. 375, 385 (E.D.N.Y. 2005)); *see also United States v. Local 1804–1, Intl Longshoremen's Assn.*, 44 F.3d 1091, 1096 (2d Cir.1995).

## CONTEMPT

18. Contempt is appropriate here because all of the standards are met. First, Benzaquen's noncompliance with the Mail Subpoena is clear and convincing. The service attempts that pre-date the Service Motion combined with the post Service Motion communications establish Diamond Cars R Us as Benzaquen's place of business. Second, non-compliance is clear and convincing because notwithstanding a September 14, 2020 response deadline/examination date and numerous meet and confer attempts, Benzaquen has not responded to any communication. Third, it is equally clear and convincing that Benzaquen not only did not attempt to comply, but he actively has evaded service through his directions to his subordinates to refuse service of documents and his direction to FedEx to return the September 22 Letter to sender. Benzaquen's associates have either slammed the door on process servers or belligerently refused to accept service of any Subpoena. Caselaw establishes that this Court may infer knowledge of service attempts by the subordinates' refusal to accept delivery as "it is not unreasonable to conclude that while disclaiming authority to accept the subpoena on [the witness's] behalf, counsel communicated to [the witness] the contents of th[e] [subpoena]." *See In re Shur,* 184 B.R. 640, 644 (Bankr. E.D.N.Y. 1995); *see also Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc*., 369 F.3d 645, 655 (2d Cir. 2004) (stating that "[i]t need not be established that the violation was willful.")

19. On balance, these events constitute much more than a mere "quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." *Leadsinger v. Cole,*

8

No. 05-CV-5606, 2006 WL 2266312, at *9 (S.D.N.Y. Aug. 4, 2006). Accordingly, pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9016, this Court should find Mr. Benzaquen in contempt and award sanctions, including attorneys' fees.

## SANCTIONS

20. Section 105(a) of the Bankruptcy Code authorizes a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" including authorizing a court to "sua sponte, [take] any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

21. The Second Circuit has held that a court's inherent authority complements the provisions of section 105 and empowers a court to "exercise equity in carrying out the provisions of the Bankruptcy Code." *Smart World Techs., LLC v. Juno Online Servs., Inc. (In re Smart World Techs., LLC),* 423 F.3d 166, 184 (2d Cir. 2005). Invocation of the court's inherent powers require a finding of bad faith before sanctions may be imposed. *See Pereira*, No. 96 CIV. 7957 (RWS), 1997 WL 698186, at *6 (finding that non-parties engaged in bad faith tactics to delay the litigation by consistently evading service of process, failing to appear for depositions, and disobeying a court order.).

22. Mr. Benzaquen leaves behind a trail of past conduct demonstrative of bad faith. For months Mr. Benzaquen disregarded a court order, evaded service of process, failed to appear for noticed depositions, and ignored letters by counsel. Even after counsel for the Trustee explained to Mr. Benzaquen's associate to advise him of communications sent to him, Mr. Benzaquen has still failed to respond to the Trustee. There can be no doubt Mr. Benzaquen has decided to delay by evading service by all means possible. *See Dahiya v. Kramer*, No. 13-

CV-3079 DLI, 2014 WL 1278131, at *4 (E.D.N.Y. Mar. 27, 2014), *aff'd sub nom. In re Khan*, 593 F. App'x 83 (2d Cir. 2015)(stating that "[b]ad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'").  Given his role as a possible major actor and co-conspirator in an apparent Ponzi Scheme, Mr. Benzaquen's conduct is hardly surprising.  *See Intelli-Check, Inc. v. Tricom Card Techs., Inc.*, 2005 WL 3533153, at *10 (E.D.N.Y. Dec. 22, 2005) (Bad faith may be present where a party acts for "improper purposes.").

23.    Mr. Benzaquen's conduct evidences textbook bad faith for which sanctions are warranted.  *See In re Parikh*, 397 B.R. 518, 526–27 (granting request for fine against non-party in the amount of $100.00 per day "until they produce the requested documents and subsequently appear for the 2004 examinations"); *see also In re Dieffenbacher*, 556 B.R. 79, 85 (Bankr. E.D.N.Y. 2016) (sanctioning non-compliant party in amount necessary to compensate for reasonable attorney's fees and costs incurred as a result of his contempt); *see also New York State Nat'l Org. for Women v. Terry*, 159 F.3d 86, 96 (2d Cir.1998) (a contemnor may be liable for the reasonable attorneys' fees and costs incurred by the party prosecuting the contempt).  Accordingly, the Trustee requests an entry of an order imposing sanctions in the amount of $100.00 per day until compliance with the Subpoena is satisfied.

**WHEREFORE**, for the reasons set forth above the Trustee respectfully requests that the court enter an order substantially in the form of Exhibit A hereto holding Marcos J. Benzaquen in contempt, imposing sanctions in the amount of $100.00 per day plus attorneys' fees, and compelling Benzaquen to comply with the Mail Subpoena, and such other relief as may be just and proper.

10

Dated: New York, New York
       October 20, 2020

**OLSHAN FROME WOLOSKY LLP**

By: /s/ *Jonathan T. Koevary*
    Michael S. Fox, Esq.
    Thomas J. Fleming, Esq.
    Jonathan T. Koevary, Esq.
    1325 Avenue of Americas
    New York, New York 10019
    (212) 451-2300

    *Special Counsel to the Trustee*