# EXHIBIT B

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: ^attached  By First Class Mail to: Marcos J. Benzaquen
Diamond Cars R Us, 707 Hempstead Turnpike, Franklin Square, New York 11010
_____ on *(date)* August 26, 2020 ; or

[ ] I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 60.00 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and

_____
*Server's signature*

Clyde W. Hollins
*Printed name and title*

Olshan Frome Wolosky
1325 Avenue of the Americas, New York, NY 10019
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT
__EASTERN__ District of __NEW YORK__

In re __DIAMOND FINANCE CO., INC.__
Debtor

Case No. __20-71877 (REG)__

Chapter __7__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __Marcos Benzaquen__
*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE Telephonically or by video at a location to be determined with cooperation of the witness | DATE AND TIME September 14, 2020 10:00 a.m. |
|---|---|

The examination will be recorded by this method: __Stenographer and videographer__

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

## See Schedule 1

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __August 25, 2020__

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Marc Pergament as Trustee__, who issues or requests this subpoena, are: __Jonathan T. Koevary__
Olshan Frome Wolosky, LLP, 1325 Avenue of the Americas, New York, NY 10019
email: jkoevary@olshanlaw.com    Tel: (212) 451-2300

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: __By First Class Mail to: Marcos J. Benzaquen__
_Diamond Cars R Us, 707 Hempstead Turnpike, Franklin Square, New York 11010_____
_____ on *(date)* __August 26, 2020_____ ; or

[ ] I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ __60.00_____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and

_____
*Server's signature*

_____Clyde W. Hollins_____
*Printed name and title*

Olshan Frome Wolosky
__1325 Avenue of the Americas, New York, NY 10019__
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# **SCHEDULE 1:**

# CHAPTER 7 TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure, interim trustee Marc Pergament (the "Trustee") hereby requests that nonparty Marcos J. Benzaquen produce and permit inspection, copying, testing, or sampling of the following items within fourteen days, or as otherwise directed by the Court, at the offices of Olshan Frome Wolosky LLP, Attn: Michael S. Fox, Esq. and Jonathan T. Koevary, Esq., 1325 Avenue of the Americas, New York, New York 10019, mfox@olshanlaw.com and jkoevary@olshanlaw.com.

## Definitions and Rules of Construction

1. The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 of the Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference, including without limitation the definitions and rules of construction set forth therein with respect to "Communication," "Document," "Identify," "Person," "Concerning," "All/Each," "And/Or," "Number," and "You/Your," except that "You/Your" means as defined below.

2. "Capitalization Table" means, with respect to any entity, any document demonstrating the capital structure of such entity, including but not limited to the holders and amounts of financial debt and equity interests in such entity and related priorities.

3. "Debtor" means Diamond Finance Co., Inc. including any of its predecessors, along with each of their representatives, agents, attorneys, and persons and entities acting under its control or purporting to act on its behalf.

4. "Diamond" means Rob Diamond.

5. "Diamond-Related Entity" means any entity or business in which Diamond now has, or previously had, a financial interest or operational control, including without limitation, Automotive Group Inc.; Auto City International Inc.; Auto City International II Inc.; Cypress Motors of Ridgewood; Diamond Cars R Us Inc.; Ausable Motors; Diamond Finance of Florida; Diamond Finance of New Jersey; Diamond Floor Plan Inc., and any other similarly named business

6. "Financial Report" means, with respect to any entity, any document evidencing the financial condition of such entity, including but not limited to records, such as QuickBooks files, kept in the ordinary course of business, documents provided to any creditor or equity investor of such entity, balance sheets, income statements, cash flow statements, bank account statements and security account statements.

7. "You" and "Your" mean Marcos J. Benzaquen and any entities owned or controlled by Marcos J. Benzaquen or in which he has an interest or, including but not limited to Auto City International II and Diamond Cars R Us.

## General Instructions

1. These requests are intended to cover all documents in your possession or otherwise subject to your custody or control, regardless of the location of such documents, including those in the possession, custody, or control of your employees, agents, representatives, attorneys, advisors, or consultants.

2. If, in responding to these requests, you perceive any ambiguity in a particular request, definition, or instruction, your response should set forth the matter deemed ambiguous and the construction interpreted and used by you in responding.

3. If any document or portion thereof responsive to any request is withheld from production for any reason, including on the purported grounds of attorney-client privilege, work-

product doctrine, or any other applicable privilege precluding compelled discovery, Local Civil Rule 26.2 requires you to identify the nature of the privilege which is being claimed and, if the privilege is governed by state law, to indicate the state's privilege rule being invoked. Additionally, you are required to provide a privilege log in accordance with Local Civil Rule 26.2 which requires that you set forth the following with respect to any purportedly privileged document: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressee of the document, and any other recipients and, where not apparent, the relationship of the author, addressees, and recipients to each other.

    4.     If any document or any portion thereof responsive to any request has been discarded, destroyed, altered, lost or redacted (collectively "altered/missing") in whole or in part, state: (i) the date the document was altered/missing; (ii) the circumstances under which the document became altered/missing; (iii) the identity of the person who rendered the document altered/missing; and (iv) where the document was stored prior to becoming altered/missing.

    5.     If you are unable to comply with any request in full, you shall comply with the request to the fullest extent possible and explain why full compliance is not possible. You must produce in total all documents and things requested herein, notwithstanding the fact that portions of such documents and things may contain information not requested, and you must include interim as well as final versions or editions of each document, as well as any editions or copies of the documents that are not identical to the original (whether due to handwritten notations, revisions, or otherwise).

    6.     In producing documents, all documents that are physically attached to each other shall be produced in that form. Documents are to be produced in their entirety and without

redaction. Documents that are segregated or separated from other documents, whether by inclusion in binders, files or sub-files, or by the use of dividers, tabs, or any other method, shall be produced in that form. In accordance with Rule 34(b)(2)(E)(i) of the Federal Rules of Civil Procedure, documents shall be produced in the order in which they are maintained in the usual course of business, or shall be organized and labeled to correspond to particular requests.

7. All documents originating in an electronic form are to be produced in their native format or otherwise in a format compatible with standard litigation document-management database software (e.g., Concordance, Relativity, etc.), with intact metadata fields, OCR images, and appropriate corresponding load files, all to be mutually agreed to by the parties. All documents should be preserved in their native format, and the Trustee reserves his right to request that electronic documents be produced in their native format. Documents which exist in hard copy form only may be converted to electronic form and produced in the same manner as electronic documents as set forth above.

8. In these requests, references to any individual or entity include the individual or entity as well as any person or entity under the individual's or entity's control, including, but not limited to, all present and former subsidiaries, affiliates, predecessors, successors, officers, directors, agents, employees, shareholders, partnerships, general and limited partners thereof, and any aliases, code names, or trade or business names used by any of the foregoing.

9. Unless otherwise stated, the time frame for these requests is as follows: January 1, 2014 to the present.

## Document Requests

1. All documents and communications concerning the Debtor, including without limitation, documents relating to any transactions with the Debtor or involving any automotive titles in which Debtor has an interest.

2. All communications between You and any of the following (i) the Debtor, (ii) Diamond; and/or (iii) any Diamond-Related Entity.

3. All agreements between You and the Debtor.

4. All agreements between You and any Diamond-Related Entity.

5. All agreements between You and Diamond.

6. All Financial Reports of the Debtor.

7. All Capitalization Tables of the Debtor.

8. All documents relating to any accounts receivable or accounts payable of the Debtor.

9. All documents concerning Your relationship with the Debtor.

10. All documents concerning Your relationship with Diamond.

11. All documents concerning Your relationship with any Diamond-Related Entity.

12. All Financial Reports for any Diamond-Related Entity

13. Any contract or agreement regarding or relating to the transfer of any interest in any Diamond-Related Entity, or any asset held by any Diamond-Related Entity, and all documents relating to any such contract.

14. All documents relating to any financial transaction between You and any of the following: (i) the Debtor; (ii) any Diamond-Related Entity; and/or (iii) Diamond.

15. All documents concerning Your scope of employment with the Debtor or any Diamond-Related Entity.

16. All of Your bank and deposit account statements that relate or refer to the proceeds of any transaction with the Debtor, with Diamond and/or with any Diamond-Related Entity.

5

17. All documents relating to the receipt of any funds or assets from the Debtor, Diamond and/or any Diamond-Related Entity.

18. All documents concerning the title, acquisition, transfer, financing, leasing and sale of automobiles on any lots owned or controlled by the Debtor, any Diamond-Related Entity, and/or Diamond.

Dated: New York, New York
June 17, 2020

OLSHAN FROME WOLOSKY LLP

By:  /s/ Michael S. Fox
Michael S. Fox
Thomas J. Fleming
Jonathan T. Koevary
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300

*Proposed Special Counsel to the Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

DIAMOND FINANCE CO., INC.

Debtor.

Chapter 7

Case No. 20-71877 (REG)

**ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE CHAPTER 7 TRUSTEE TO EXAMINE MARCOS J. BENZAQUEN**

Upon the *ex parte* motion, dated June 12, 2020 (the "Motion"), of the Chapter 7 Trustee (the "Movant") pursuant to Bankruptcy Rule 2004, for an order authorizing the Movant to issue subpoenas for the production of documents and to examine Marcos J. Benzaquen (the "Witness") as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is

**ORDERED**, that the Motion is granted on the terms set forth herein; and it is further

**ORDERED**, that the Movant is authorized under Bankruptcy Rules 2004 and 9016, to issue such subpoenas as may be necessary to compel the production of documents and the

1

testimony of the Witness in connection with the administration of this Chapter 7 case; and it is further

**ORDERED**, that unless otherwise agreed to by the Movant, the Witness shall have fourteen (14) days from the service of a subpoena to produce to the Movant all responsive documents requested in the Movant's subpoena, other than those documents withheld under a claim of privilege; and it is further

**ORDERED**, that unless otherwise agreed to by the Movant, if the Witness withholds any documents from the production based upon a claim of privilege, the Witness is directed to provide counsel for the Movant with a privilege log, containing the information required under Bankruptcy Rule 7026 and E.D.N.Y. L.B.R. 7026-1, within fourteen (14) days of the service of a subpoena on the Witness; and it is further

**ORDERED**, that the Witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Movant, in no event more than fifteen (15) days from the date of the service of a deposition subpoena upon the Witness; and it is further

**ORDERED**, that nothing herein shall limit the rights of the Witness under applicable law to object to or oppose any subpoena the Movant may serve upon the Witness; and it is further

**ORDERED**, that the Movant shall file with the Court an affidavit or declaration of service for each subpoena Movant serves; and it is further

**ORDERED**, that this Order is without prejudice to the Movant's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law; and it is further

**ORDERED**, that this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.



Dated: Central Islip, New York
       June 12, 2020

Robert E. Grossman
United States Bankruptcy Judge

3

5433690-1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| DIAMOND FINANCE CO., INC. | Case No. 20-71877 (REG) |
| Debtor. | |

**ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO DELIVER BY MAIL OF RULE 2004 SUBPOENA UPON MARCOS J. BENZAQUEN**

Upon the *ex parte* motion, dated August 18, 2020 (the "Motion"), of the Chapter 7 Trustee (the "Movant") pursuant to Bankruptcy Rule 2004, for an order authorizing the Movant to deliver by mail any subpoena Marcos J. Benzaquen issued in accordance with that Order of this Court dated June 12, 2020 [Dkt. No 52] (the "2004 Order"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is

**ORDERED**, that the Motion is granted on the terms set forth herein; and it is further

**ORDERED**, that the Movant is hereby authorized under Rule 45 of the Federal Rules of Civil Procedure, made applicable to this case by Rule 9016 of the Federal Rules of

1

Bankruptcy Procedure, to delivery any subpoena issued pursuant to the Rule 2004 Order upon Benzaquen by mail to his attention at:

> Diamond Cars R Us
> 707 Hempstead Turnpike
> Franklin Square, New York 11010; and it is further

**ORDERED**, that this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.



**Dated: Central Islip, New York**
**August 24, 2020**

_____
**Robert E. Grossman**
**United States Bankruptcy Judge**