

1325 AVENUE OF THE AMERICAS ▪ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ▪ FACSIMILE: 212.451.2222

EMAIL: JKOEVARY@OLSHANLAW.COM
DIRECT DIAL: 212.451.2265

February 26, 2021

**VIA E-FILE**

Hon. Robert E. Grossman
United States Bankruptcy Court
for the Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

      Re:    Marcos Benzaquen Status Update: In re Diamond Finance Co., Inc., Bankr.
             E.D.N.Y. No. 20-71877 (REG)

Dear Judge Grossman:

      Olshan is special litigation counsel to Marc Pergament, the Chapter 7 Trustee in the above referenced case. In advance of this Monday's continued hearing concerning Mr. Benzaquen's contempt of court, we write to summarize our position and further note that Olshan intends to request a subsequent hearing for determination of Mr. Benzaquen's reimbursement of fees and expenses approximating $30,000 incurred by Olshan in connection with enforcement of the subpoena made necessary only because of Mr. Benzaquen's bad faith evasive conduct.

      After repeated efforts to compel compliance, Mr. Benzaquen sufficiently complied with his obligations under the Mail Subpoena such that we no longer seek enforcement concerning Mr. Benzaquen's future performance thereunder. However, the Contempt Order dated November 10, 2020 [Dkt. No. 132] provided in pertinent part:

- "that Marcos Benzaquen is hereby sanctioned in the amount of $500.00 per day, accruing from the date of this Order and until he fully complies with the Mail Subpoena;" and

- "that this Order is without prejudice to the Trustee seeking further relief on account of Benzaquen's contempt, including but not limited to reimbursement of fees and costs."

      With respect to the $500 per day requirement, we know of no such payment being made or measures taken concerning same. It is our view, however, that the applicable cutoff date should be measured as of the November 20, 2020 stay of the U.S. Marshal Enforcement Order, as the timing for compliance thereafter was only partially within Mr. Benzaquen's control.

February 26, 2021
Page 2

      Olshan incurred significant legal fees and expenses on account of Mr. Benzaquen's evasion tactics for which it seeks reimbursement. Specifically and without limitation, from the period of July 10, 2020 (the date Olshan began preparing its second subpoena) through November 18, 2020 (the date of the Enforcement Order, which was one day before Mr. Benzaquen's counsel's appearance), Olshan incurred no less than $27,000 in legal fees pertaining to enforcement mechanisms including:

- Preparation of multiple subsequent subpoenas.
- Management of the process servers.
- Preparation of the motion seeking service by mail.
- Preparation and prosecution of the contempt motion and related orders.

      Olshan also incurred at least $3,500 in outside process server related expenses in connection with the multiple service attempts made on Mr. Benzaquen.

      In addition, Weinberg, Gross, & Pergament LLP ("WGM") may also have incurred fees in connection with the foregoing.

      At Monday's hearing, Olshan will seek a date to conduct an evidentiary fee hearing, with a declaration of fees and expenses for which reimbursement is sought from Mr. Benzaquen to be filed by Olshan and WGM one week prior to the hearing.

Respectfully submitted,

/s/ Jonathan T. Koevary

Jonathan T. Koevary

Cc: Norman Steiner, Esq. (via Email).