UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

In Re: Chapter 7

Diamond Finance Co., Inc., Case No. 820-71877-A736

Debtor.

-----------------------------------------------------X

Marc A. Pergament, Chapter 7 Trustee of the Estate of Diamond Finance Co., Inc., Adv. Proc. No.

Plaintiff, Complaint

- against -

Joseph Dinoia, Jr., as Trustee of the Joseph Dinoia, Jr. Trust Fund, and John Dinoia, as Trustee of the John Dinoia Trust Fund,

Defendants.

---------------------------------------------------------X

Marc A. Pergament, Chapter 7 Trustee ("Trustee" or "Plaintiff") of the Estate of Diamond Finance Co., Inc. ("Debtor"), by his attorneys, Weinberg, Gross & Pergament LLP, as and for his Complaint herein, respectfully alleges and represents to this Court as follows:

1. This action arises under 11 U.S.C. §§ 541, 544, 547 and 550, Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure and § 270 et seq. of the New York Debtor and Creditor Law ("DCL").

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 as this action arose in and under the Debtor's pending Chapter 7 case.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

4. This complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. This is an action for money damages and for the avoidance and recovery of preferential transfers.

6. On or about April 14, 2020, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against the Debtor ("Petition Date").

7. On or about May 20, 2020, an Order for relief was entered.

8. On or about May 20, 2020, Plaintiff became Interim Trustee and subsequently qualified as the permanent Trustee.

**THE PARTIES**

9. Plaintiff is the Chapter 7 Trustee of the Debtor's Estate.

10. Upon information and belief, prior to the Petition Date, the Debtor purportedly conducted a subprime lending business through a sales finance license issued by the New York State Department of Financial Services ("DFS"), whereby the Debtor would make sub-prime loans to consumers so they could purchase used automobiles.

11. Robert Diamond was the Debtor's President, CEO and sole shareholder.

12. Upon information and belief, at all relevant times herein, Defendant Joseph Dinoia, Jr., as Trustee of the Joseph Dinoia Jr. Trust Fund ("Joseph") was an individual residing at 7535 Spatterbock Drive, Boynton Beach, Florida 33437 and/or 777 NE 4th Street, Fort Lauderdale, New York 33304.

13. Upon information and belief, Defendant John Dinoia, as Trustee of the John Dinoia Trust Fund ("John"), was an individual residing at 15 Yellowstone Drive, West Nyack, New York 10994.

14. Defendant Joseph and Defendant John may be referred to herein collectively as "Defendants."

**BACKGROUND - THE PONZI SCHEME**

15. Upon information and belief, by 2013, the Debtor's business was failing.

16. As of June 30, 2013, the DFS rated the Debtor's financial condition as "marginal," citing falling revenue, continued unprofitability, insufficient liquidity and a heavy debt load.

17. Upon information and belief, instead of seeking to turn the Debtor's business around, Robert Diamond decided to use the Debtor as a vehicle for a Ponzi scheme.

18. Over the next seven (7) years, the Debtor's debts grew, while revenues shrunk to a nominal level and losses mounted.

19. Notwithstanding the Debtor's insolvency, throughout this period, Robert Diamond maintained the facade that the Debtor was a bona fide business.

20. Upon information and belief, Robert Diamond advised Investors,[1] including the Defendant, that their funds would be used for subprime loans that would generate high returns.

21. In reality, the new money being raised by the Debtor was used to pay earlier Investors.

22. By early 2020, the Debtor owed more than $9 million to investors, an increase of more than $5 million from its debt in 2014.

23. The Ponzi scheme was designed to enrich Robert Diamond, his family, friends and other businesses to the detriment of the Investors.

[1] For purposes of this Complaint, the term "Investors" shall be used to denote those individuals and entities that provided funds to the Debtor in exchange for a promised return, typically evidenced by a promissory note executed by Robert Diamond on behalf of the Debtor.

24. During the ninety (90) day period preceding the Petition Date (the "Preference Period"), the Debtor transferred Ponzi Scheme proceeds in the sum of $78,579.54 ("Joseph Preferential Transfers") to Defendant Joseph as follows:

| Date | Amount | Check No. |
|---|---|---|
| 1/21/2020 | $5,000.00 | 44116 |
| 2/3/2020 | $6,822.92 | 44143 |
| 2/3/2020 | $10,000.00 | 44138 |
| 2/10/2020 | $5,000.00 | 44156 |
| 2/10/2020 | $10,000.00 | 44155 |
| 2/20/2020 | $5,000.00 | 44194 |
| 3/2/2020 | $6,756.62 | 44225 |
| 3/2/2020 | $10,000.00 | 44221 |
| 3/10/2020 | $5,000.00 | 44234 |
| 3/10/2020 | $10,000.00 | 44233 |
| 3/20/2020 | $5,000.00 | 44296 |

25. During the ninety (90) day period preceding the Petition Date (the "Preference Period"), the Debtor transferred Ponzi Scheme proceeds in the sum of $33,588.54 ("John Preferential Transfers")[2] to Defendant John as follows:

| Date | Amount | Check No. |
|---|---|---|
| 1/27/2020 | 5,000.00 | 44117 |
| 2/18/2020 | 5,000.00 | 44157 |
| 2/18/2020 | 6,822.92 | 44144 |
| 2/20/2020 | 5,000.00 | 44195 |
| 3/2/2020 | 6,765.62 | 44226 |
| 3/18/2020 | 5,000.00 | 44235 |

26. The Debtor was insolvent at all times during the Preference Period.

[2] The Joseph Preferential Transfers and the John Preferential Transfers may be referred to herein collectively as the "Preferential Transfers."

27. The Preferential Transfers diminished the assets of the Debtor's Bankruptcy Estate.

28. Prior to commencing this action, Plaintiff informed Defendants that the Preferential Transfers were assets of this Chapter 7 Bankruptcy Estate and demanded that Defendant return the Preferential Transfers to Plaintiff in order to avoid commencement of an adversary proceeding against it.

29. Defendants have failed to return the Preferential Transfers to Plaintiff.

AS AND FOR A FIRST CLAIM FOR RELIEF

30. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "29" of this Complaint as if more fully set forth at length herein.

31. The Debtor made the Joseph Preferential Transfers to Defendant Joseph during the Preference Period.

32. The Joseph Preferential Transfers were made to or for the benefit of Defendant Joseph who was a creditor of the Debtor.

33. The Joseph Preferential Transfers were for, or on account of, antecedent debts owed by the Debtor to Defendant Joseph before such transfers were made.

34. The Joseph Preferential Transfers were made while the Debtor was insolvent.

35. The Joseph Preferential Transfers enabled Defendant Joseph to receive more than he would have received under Chapter 7 of the Bankruptcy Code had the Joseph Preferential Transfers not been made.

36. Plaintiff is entitled to avoid the Joseph Preferential Transfers pursuant to Section 547(b) of the Bankruptcy Code.

AS AND FOR A SECOND CLAIM FOR RELIEF

37. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "36" of this Complaint as if more fully set forth at length herein.

38. The Debtor made the John Preferential Transfers to Defendant John during the Preference Period.

39. The John Preferential Transfers were made to or for the benefit of Defendant John who was a creditor of the Debtor.

40. The John Preferential Transfers were for, or on account of, antecedent debts owed by the Debtor to Defendant John before such transfers were made.

41. The John Preferential Transfers were made while the Debtor was insolvent.

42. The Joseph Preferential Transfers enabled Defendant John to receive more than he would have received under Chapter 7 of the Bankruptcy Code had the John Preferential Transfers not been made.

43. Plaintiff is entitled to avoid the John Preferential Transfers pursuant to Section 547(b) of the Bankruptcy Code.

AS AND FOR A THIRD CLAIM FOR RELIEF

44. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "43" of this Complaint as if more fully set forth at length herein.

45. Plaintiff is entitled to avoid the Joseph Preferential Transfers pursuant to 11 U.S.C. § 547(b).

46. Upon information and belief, Defendant Joseph was the initial transferee of the Joseph Preferential Transfers.

47. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the Joseph Preferential Transfers from Joseph in the sum of $78,579.54, plus interest from March 20, 2020.

AS AND FOR A FOURTH CLAIM FOR RELIEF

48. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "47" of this Complaint as if more fully set forth at length herein.

49. Plaintiff is entitled to avoid the John Preferential Transfers pursuant to 11 U.S.C. § 547(b).

50. Upon information and belief, Defendant John was the initial transferee of the John Preferential Transfers.

51. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the John Preferential Transfers from John in the sum of $33,588.54, plus interest from March 18, 2020.

AS AND FOR A FIFTH CLAIM FOR RELIEF

52. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "51" of this Complaint as if more fully set forth at length herein.

53. Defendant Joseph is an individual from whom property is recoverable under 11 U.S.C. § 550.

54. Defendant Joseph is the transferee of the Joseph Preferential Transfers.

55. The Joseph Preferential Transfers are avoidable under 11 U.S.C. § 547.

56. Defendant Joseph has not paid the Joseph Preferential Transfers or an amount equal to the Joseph Preferential Transfers to Plaintiff for which Defendant Joseph is liable under 11 U.S.C. § 550.

57. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant Joseph, and/or his assignee(s), against the Debtor's Estate must be disallowed until such time as Defendant Joseph pays to Plaintiff an amount equal to the aggregate amount of the Joseph Preferential Transfers in the sum of $78,579.54, plus interest from March 20, 2020.

AS AND FOR A SIXTH CLAIM FOR RELIEF

58. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "57" of this Complaint as if more fully set forth at length herein.

59. Defendant John is an individual from whom property is recoverable under 11 U.S.C. § 550.

60. Defendant John is the transferee of the John Preferential Transfers.

61. The John Preferential Transfers are avoidable under 11 U.S.C. § 547.

62. Defendant John has not paid the John Preferential Transfers or an amount equal to the John Preferential Transfers to Plaintiff for which Defendant John is liable under 11 U.S.C. § 550.

63. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant John and/or his assignee(s), against the Debtor's Estate must be disallowed until such time as Defendant John pays to Plaintiff an amount equal to the aggregate amount of the John Preferential Transfers in the sum of $33,588.54, plus interest from March 18, 2020.

WHEREFORE, Plaintiff Marc A. Pergament, Chapter 7 Trustee of the Estate of Diamond Finance Co. Inc., respectfully requests that this Honorable Court enter judgment against Defendants Joseph Dinoia and John Dinoia as follows:

1. As to the First Claim for Relief against Joseph Dinoia, avoiding the Joseph Preferential Transfers pursuant to 11 U.S.C. § 547(b) in the sum of $78,579.54;

2. As to the Second Claim for Relief against John Dinoia, avoiding the John Preferential Transfers pursuant to 11 U.S.C. § 547(b) in the sum of $33,588.54;

3. As to the Third Claim for Relief, authorizing the Plaintiff to recover the Joseph Preferential Transfers in the sum of $78,579.54 from Defendant Joseph pursuant to 11 U.S.C. § 550;

4. As to the Fourth Claim for Relief, authorizing the Plaintiff to recover the John Preferential Transfers in the sum of $33,588.54 from Defendant John pursuant to 11 U.S.C. § 550;

5. As to the Fifth Claim for Relief, disallowing any claims held by Defendant Joseph and/or his assignee(s) until Defendant Joseph satisfies the judgment in accordance with 11 U.S.C. § 502 (d); and/or reconsidering and disallowing any claims held by Defendant Joseph and/or his assignee(s) until Defendant Joseph satisfies the judgment in accordance with 11 U.S.C. § 502 (j);

6. As to the Sixth Claim for Relief, disallowing any claims held by Defendant John and/or his assignee(s) until Defendant John satisfies the judgment in accordance with 11 U.S.C. § 502 (d); and/or reconsidering and disallowing any claims held by Defendant John and/or his assignee(s) until Defendant John satisfies the judgment in accordance with 11 U.S.C. § 502 (j);

7. Awarding pre-judgment interest at the maximum legal rate from the date of each of the Preferential Transfers to the date of the judgment entered herein;

8. Awarding Plaintiff the costs of this proceeding;

9. Granting such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
April 13, 2021

Weinberg, Gross & Pergament LLP
Attorneys for Plaintiff, Marc A. Pergament,
Chapter 7 Trustee of the Estate of Diamond Finance Co., Inc.

By: /s/ Marc A. Pergament
Marc A. Pergament
400 Garden City Plaza, Suite 403
Garden City, New York 11530
Phone: (516) 877-2424
Email: mpergament@wgplaw.com