UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re:                                                                                    Chapter 7
                                                                                          Case No. 820-71877-A736
Diamond Finance Co., Inc.,

          Debtor.                                                    <u>Affirmation in Support</u>

------------------------------------------------------------X

        Marc A. Pergament, duly affirms under the penalties of perjury as follows:

        1.    I am an attorney admitted to practice law in the United States Court of Appeals for the Second Circuit and United States District Court for the Eastern and Southern Districts of New York and an attorney with Weinberg, Gross & Pergament LLP, attorneys for Marc A. Pergament, Chapter 7 Trustee ("Trustee") of the Estate of Diamond Finance Co., Inc. ("Debtor") and the Plaintiff herein. I am familiar with the facts and circumstances set forth herein.

        2.    This Affirmation is presented in support of the Trustee's motion for an Order, *inter alia*, approving the settlement by and between the Trustee and JJAZ Inc. & Combine Distributing Profit Sharing Plan ("JJAZ") for the sum of $12,000.00. (A copy of the Stipulation of Settlement is annexed hereto as Exhibit "A.")

<u>Background</u>

        3.    On or about April 14, 2020 ("Petition Date"), Maxx Wattenberg, Richard Berman, Joseph DiNoia, Jr., Roger Schneir, Gary Moskowitz, Herbert Brooks, Mitchell Cooper, Don Barkin, John DiNoia, Theodore Greenberg, Hewlett Trading Co. LLC, Roger Shyer, Harvey Stevens, Wayne Wattenberg, David Camhi, Sandra Camhi and Steven Camhi filed an involuntary petition for relief against the Debtor under Chapter 7 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

4. On May 20, 2020, the Bankruptcy Court entered an Order for Relief against the Debtor.

5. On May 20, 2020, Plaintiff became the interim trustee of the Debtor's Estate and subsequently qualified as the permanent Trustee.

6. Based on his investigation into the Debtor, the Trustee determined that during the six-years prior to the Petition Date, the Debtor was operated as a Ponzi scheme designed to enrich the Debtor's principal, Robert Diamond, and his family, friends and other businesses to the detriment of its investors.

7. JJAZ is an employee-profit sharing plan that loaned funds to the Debtor, as evidenced by promissory notes executed by Robert Diamond on behalf of the Debtor.

8. On June 15, 2020, JJAZ filed Proof of Claim No. 2-2 in the sum of $50,833.54.

9. As part of his investigation into the Debtor, in addition to seeking to determine which creditors of the Debtor were subject to potential fraudulent conveyance claims based on their receipt of transfers during the 6-year "Claw Back" period, the Trustee sought to determine which, if any, of the Debtor's investors were "net winners" in the Debtor's Ponzi scheme, meaning that the investors received more from the Debtor than they invested with the Debtor.

10. Based on the Debtor's records, the Trustee determined that JJAZ was a net winner.

11. By letter dated December 23, 2020, the Trustee demanded that JJAZ return its net winnings to the Estate.

11. By letter dated December 23, 2020, the Trustee demanded that JJAZ return its net winnings to the Estate.

12. On or about January 6, 2020, JJAZ, by its counsel, responded to the Trustee's demand and denied that it was a net winner. JJAZ provided the Trustee with documentation of which the Trustee was previously unaware reflecting additional loans by JJAZ to the Debtor.

13. Based on all available information, the Trustee determined that between March 2017 and March 2020, the Debtor paid JJAZ approximately $180,000 on account of $150,000 in loans made by JJAZ in 2013 and 2014, making JJAZ a net winner in the sum of approximately $30,000.

14. Based on his investigation into JJAZ, the Trustee additionally learned that JJAZ was formed by Jay Miller, a current resident of Florida, as a type of incentive savings plan. The plan no longer operates. According to LEXIS, JJAZ Inc. is an inactive NY company that has no assets in New York.

15. In or about February 2021, the Trustee and JJAZ's counsel entered into settlement discussions.

16. Given the potential litigation risks, as further discussed below, the potential litigation costs, and the risk of non-collection of a judgment if the Trustee was successful in a litigation, the Trustee believes that his settlement with the Defendant for the sum of $12,000.00 is in the best interest of this Estate and recommends that it be approved. A copy of the Stipulation of Settlement is annexed hereto as Exhibit "A."

## THE SETTLEMENT SHOULD BE APPROVED

*Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157, 1163 (1968); *see In re Consol. Distribs. Inc.*, 2014 Bankr. LEXIS 2880, at *4 (Bankr. E.D.N.Y. July 3, 2014) (Lord, U.S.B.J.). Approval of a settlement is within the sound discretion of the Court, and may not be vacated "except upon a showing of plain error or abuse of discretion." *In re Teletronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985).

18.  Settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate. *In re Dewey & Leboeuf LLP*, 478 B.R. 627, 640 (Bankr. S.D.N.Y. 2012).

19.  In considering the settlement or compromise, a court should not substitute its judgment for that of the debtor or determine the legal and factual issues raised by the proceeding's parties seek to settle. *See Wellis v. Shogrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994). Rather, the Court should simply review the issues presented to determine whether the settlement is within the minimal bounds of reasonableness. *See In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (stating that the court's responsibility is to "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'")

20.  The Second Circuit outlined the test for consideration of settlements under the Bankruptcy Rules in *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007). The factors to be considered are interrelated and require the court to evaluate:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;" (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting,

and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors;" and (7) "the extent to which the settlement is the product of arm's length bargaining." *Id.* (internal citations omitted).

21.	In assessing a settlement, the court should give due consideration to the informed judgment of the Trustee and his counsel and the principle that the law favors compromise. *In re Spielfogel*, 211 B.R. 133 (Bankr.E.D.N.Y. 1997) (Eisenberg, U.S.B.J.).

22.	In *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr.S.D.N.Y. 1991), the bankruptcy court observed:

> Further, the court need not conduct a wholly independent investigation in formulating its opinion as to the reasonableness of a settlement. We may give weight to the informed judgments of the trustee or debtor-in-possession and their counsel that a compromise is fair and equitable, see also, In re Carla Leather, Inc., 44 B.R. 457 (Bankr.S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1985), and consider the competency and experience of counsel who support the compromise. See, In re Texaco, 84 B.R. 893, (Bankr.S.D.N.Y. 1988); In re International Distribution Centers, Inc., 103 B.R. 420 (S.D.N.Y. 1989). And indeed, a court may approve a settlement even if it believes that the trustee or debtor-in-possession ultimately would be successful at trial. In re Teletronics Services, Inc., 46 B.R. 426 (E.D.N.Y. 1984), aff'd 762 F.2d 185 (2d Cir. 1985). Finally, we must consider the principle that "the law favors compromise." In re Blair, supra, 538 F.2d at 851.

23.	Under the Stipulation of Settlement, JJAZ has agreed to pay the Estate the sum of $12,000.00. In addition, JJAZ has agreed to waive its Proof of Claim.

24.	By accepting the sum of $12,000.00, together with JJAZ's agreement to waive any claims against the Estate, the Trustee will realize a significant recovery for the Estate while not incurring any litigation-related risks, including being unable to prove the existence and operation of the Ponzi scheme during the period that the Debtor was paying JJAZ its net winnings.

Mr. Diamond has denied under oath that he operated a Ponzi scheme. Moreover, the settlement eliminates any further legal fees, including fees to commence and prosecute a litigation against JJAZ and, potentially, fees to enforce a judgment against JJAZ, an inactive New York company based in Florida,

25. Applying the *Iridium* factors, the Stipulation of Settlement should be approved.

26. For the reasons stated herein, the Trustee recommends that this Court approve the settlement.

WHEREFORE, it is respectfully requested that this Honorable Court grant the Trustee's application in its entirety and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
　　　 May 6, 2021

_____
Marc A. Pergament