# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on April 22, 2021 between Marc A. Pergament, as chapter 7 trustee ("Plaintiff" or "Trustee") for the bankruptcy estate of Diamond Finance Co. Inc. ("Debtor"), and JJAZ Inc. & Combine Distributing Profit Sharing Plan ("JJAZ"). The Trustee and JJAZ may be referenced herein as the "Parties" and/or each as a "Party."

## Recitals

WHEREAS, on April 14, 2020 (the "Petition Date"), Maxx Wattenberg, Richard Berman, Joseph DiNoia, Jr., Roger Schneir, Gary Moskowitz, Herbert Brooks, Mitchell Cooper, Don Barkin, John DiNoia, Theodore Greenberg, Hewlett Trading Co. LLC, Roger Shyer, Harvey Stevens, Wayne Wattenberg, David Camhi, Sandra Camhi and Steven Camhi (collectively "Petitioners") filed an involuntary petition for relief against the Debtor under Chapter 7 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"); and

WHEREAS, on May 20, 2020, the Bankruptcy Court entered an Order of Relief against the Debtor; and

WHEREAS, on May 20, 2020, Plaintiff was appointed as the Chapter 7 Trustee in the Debtor's case and is currently acting in that capacity; and

WHEREAS, the Trustee alleges that during the six-year period prior to the Petition Date ("Look-Back Period"), the Debtor was operated as a Ponzi scheme; and

WHEREAS, on June 15, 2020, JJAZ filed proof of claim number 2.2 in the sum of $50,833.54 ("Proof of Claim") based on the Debtor's failure to repay a $50,000 loan evidenced by a promissory note dated April 15, 2014; and

WHEREAS, by letter to JJAZ dated December 23, 2020, the Trustee alleged that during the Look-Back Period, the Debtor made fraudulent conveyances to JJAZ ("Potential Claims," and demanded that JJAZ return its "net winnings" from the Ponzi scheme to the Estate; and

WHEREAS, JJAZ disputed the Trustee's calculation of JJAZ's alleged net winnings; and

WHEREAS, the Parties entered into discussions to resolve the Trustee's Potential Claims; and

WHEREAS, the Parties desire to fully and finally settle the Claims upon the terms set forth herein; and

NOW, IN CONSIDERATION OF THE FOREGOING, IT IS HEREBY AGREED AS FOLLOWS:

1. Recitals. The foregoing recitals are true and correct and shall be deemed incorporated herein.

2. Effective Date. This Stipulation shall become effective (the "Effective Date") upon an Order of the Bankruptcy Court approving this Stipulation being entered and becoming final and non-appealable.

3. Settlement Sum. In full and final settlement of the Claims, JJAZ shall cause to be delivered to the Trustee, for the benefit of the Estate, the sum of $12,000.00 ("Settlement Sum"). The Trustee's acceptance of the Settlement Sum is subject to the approval of the Bankruptcy Court.

4. Settlement Sum Payment. The Settlement Sum is payable in full upon execution of this Stipulation, and shall be made by bank check or wire transfer payable to "Marc A. Pergament, Chapter 7 Trustee of the Estate of Diamond Finance Co., Inc." The Trustee shall hold

the Settlement Sum, or any portion thereof, in his Trustee account for the Debtor's Estate pending the Effective Date.

5. Complete Understanding. This Stipulation resolves any claims for relief that were or could have been alleged and/or asserted, no matter how characterized, including, but not limited to, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, damages for humiliation and embarrassment, punitive damages, costs and attorneys' fees related to or arising from: (i) the business, professional and/or personal relationship between the Parties or any of them, and (ii) this Action.

6. Representations. Each of the undersigned Parties hereby represent and acknowledge that they have the requisite authority to execute this Stipulation. JJAZ hereby represents and acknowledges it has had an opportunity to consult with its undersigned counsel regarding the terms of this Stipulation, understands the terms of this Stipulation, has entered into this Stipulation freely of its own will, and agrees to be bound to the terms of this Stipulation.

7. Submission of Stipulation to Bankruptcy Court. Upon receipt of a fully executed copy of this Stipulation and clearance of the Settlement Sum, the Trustee shall file a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure with the Bankruptcy Court seeking approval of this Stipulation.

8. Release by JJAZ to Trustee and Estate. Upon the Effective Date, in consideration of the covenants contained in this Stipulation, and in consideration of the sum of ten ($10.00) dollars and other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, JJAZ shall conclusively be deemed to have released the Trustee, Trustee's counsel, and the Estate (collectively, in this paragraph, "Estate Releasees"), Estate Releasees' representatives, agents, administrators, successors, and assigns from all actions, causes of action,

suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Estate Releasees, JJAZ, JJAZ's representatives, agents, administrators, successors, and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation, exclusive of the obligations of the Trustee pursuant to this Stipulation.

9. <u>Release by Trustee and Estate to JJAZ</u>. Upon the Effective Date, in consideration of the covenants contained in this Stipulation, and in consideration of the Settlement Sum and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee and the Estate, their representatives, agents, administrators, successors and assigns (collectively, in this paragraph, "Estate Releasors") each shall conclusively be deemed to have released JJAZ, JJAZ's representatives, agents, administrators, successors, and assigns from all actions, causes of action, suits, which against JJAZ the Estate Releasors, Estate Releasors' representatives, agents, administrators, successors, and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation, with respect to the Claims, exclusive of the obligations of JJAZ pursuant to this Stipulation. Notwithstanding anything contained to the contrary herein, if the Trustee is compelled by an Order of a Court of competent jurisdiction or required for any other reason to disgorge or repay any portion of the Settlement Sum, or if the payment of any portion of the Settlement Sum is avoided, then the releases given by the Trustee in this Stipulation shall be deemed ineffective and the amount of the Claims shall be reinstated to an amount as though there was no settlement.

10. <u>Waiver of Claims</u>. Upon the Effective Date, JJAZ shall be deemed to have waived any and all claims, as defined in 11 U.S.C. § 101(5), against the Estate, including but not limited to any claim filed by JJAZ in the Debtor's Chapter 7 case, and any claim available to JJAZ under 11 U.S.C. § 502(h), whether arising prior to or after the Petition Date.

11. <u>Unwinding</u>. If, through no fault of the Parties, an order denying approval of this Stipulation is entered by the Bankruptcy Court in this Bankruptcy Case, or the Effective Date does not occur on or before July 1, 2021 (or such later date to which the Parties may stipulate), then, in either case, this Stipulation, in its entirety, shall be deemed null and void and the Trustee shall within ten (10) business days following the expiration of said event, return to JJAZ by check made payable to JJAZ Inc. & Combine Distributing Profit Sharing Plan the Settlement Sum previously paid to the Trustee. In such event, the *status quo*, as between the Parties prior to the execution of this Stipulation, shall be restored, each Party shall remain vested with all rights, claims and defenses against the others as if this Stipulation had not been executed. In such case, nothing herein shall be used by any Party against any other Party as an admission or as the basis of any liability for any claims alleged in this Bankruptcy Case or in support of any defense thereto.

12. <u>Preference Payment Contingency</u>. Notwithstanding anything set forth herein, at the sole discretion of the Trustee, this Stipulation of Settlement shall be null and void if, within ninety-one (91) days after the Settlement Payment clears the Trustee's bank account: (a) the payor files a bankruptcy petition under the United States Bankruptcy Code; or (b) an involuntary bankruptcy proceeding is commenced against payor, which is not dismissed; and (c) due to either event in (a) or (b) above, the Trustee is required to return any of the payments made hereunder as a preferential transfer under 11 U.S.C. § 547.

13. <u>Cooperation</u>. JJAZ agrees to cooperate with the Trustee in effectuating the terms of this Stipulation and shall duly execute and deliver all documents and perform all acts reasonably deemed necessary by the Trustee for the implementation of this Stipulation.

14. <u>No Admissions</u>. It is understood and agreed that JJAZ admits no liability whatsoever in connection with the Claims, and nothing contained herein shall be construed to establish or to infer JJAZ's liability in connection with the Claims. Similarly, nothing contained herein shall be deemed to be an acknowledgement by the Trustee that any of JJAZ's defenses have any merit. This Stipulation represents a compromise of disputed claims.

15. <u>Counterparts</u>. This Stipulation may be executed in two or more counterparts, and by means of signatures conveyed by telephonic facsimile transmissions or images attached to e-mails, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

16. <u>Stipulation Construction</u>. This Stipulation was jointly drafted by the Parties. It shall not be interpreted or construed against any Party to this Stipulation because that Party or any attorney or representative for that Party drafted this Stipulation or any part thereof or participated in the drafting of this Stipulation or any part thereof.

17. <u>Severability</u>. If any provision of this Stipulation is invalid or unenforceable, then, to the fullest extent permitted by law: (i) the Parties shall attempt to agree upon a valid and enforceable provision that is a reasonable substitute therefor, and upon so agreeing shall incorporate such substitute provision into this Stipulation; (ii) the other provisions herein shall remain in full force and effect; and (iii) the invalidity or unenforceability of any provisions hereof shall not affect the validity or enforceability of such other provisions.

18. <u>Choice of Law/Venue</u>. The Parties agree that this Stipulation shall be governed by

the substantive laws of the State of New York, without reference to choice of law principles, and that venue of any action to enforce or interpret this Stipulation shall be exclusively in the Bankruptcy Court.

19. <u>Costs and Attorney's Fees</u>. Each Party shall bear their own attorney's fees and costs in connection with the negotiation of this Stipulation.

20. <u>Counsel</u>. The Parties each acknowledge that they have been represented by counsel in connection with the negotiation and drafting of this Stipulation and that they fully understand the terms of this Stipulation, that the terms herein were explained to them by their counsel and that they agree to be bound by such terms.

21. <u>Final Settlement</u>. The Parties acknowledge and agree that this Stipulation is being executed and delivered as a full and final settlement of the Claims.

22. <u>Binding Effect</u>. This Stipulation and each term hereof shall be binding upon and inure to the benefit of each of the Trustee, the Estate, JJAZ and their respective heirs, legal representatives, successors, and assigns.

23. <u>Headings</u>. The headings of paragraphs contained in this Stipulation are for convenience only and shall not be deemed to control or affect the meaning or construction of any provision of this Stipulation.

[REMAINDER OF PAGE INTENTIONALLY BLANK]
[SIGNATURE PAGE FOLLOWS]

Weinberg, Gross & Pergament LLP
Attorneys for Marc A. Pergament,
Chapter 7 Trustee of the Estate of
Diamond Finance Co., Inc.

By: _____
Marc J. Weingard
400 Garden City Plaza, Suite 403
Garden City, New York 11530
(516) 877-2424
mweingard@wgplaw.com

_____
Marc A. Pergament, Chapter 7
Trustee of the Estate of Diamond Finance
Co., Inc.

Tarter Krinsky & Drogin LLP,
Attorneys for JJAZ Inc. & Combine
Distributing Profit Sharing Plan

By: _____
Alex Spizz
1350 Broadway
New York, New York 10018 |
(212) 216-1155
aspizz@tarterkrinsky.com

JJAZ Inc. & Combine Distributing Profit
Sharing Plan

By: _____
Jay Miller, ~~President~~ TRUSTEE

8